IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD A THOMAS,

    Plaintiff,
v.                                              CASE NO. 1:19-cv-93-MW-GRJ

DEPUTY J PETTIT,
et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

The undersigned previously recommended that this case be dismissed for failure to prosecute because mail sent to Plaintiff's address of record was returned as undeliverable. ECF No. 7. Plaintiff moves for reconsideration and has confirmed that his address of record is correct. ECF No. 8. Upon due consideration, Plaintiff's motion, ECF No. 8, is **GRANTED** and the previous Report and Recommendation, ECF No. 7, is **WITHDRAWN.** For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

## Background

Plaintiff, an inmate at the Alachua County Jail, initiated this case by

filing a *pro se* complaint pursuant to 42 U.S.C § 1983 ("Complaint"). ECF No. 1. Plaintiff has been granted leave to proceed as a pauper by separate order. This case is before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

Plaintiff's Complaint concerns property that he alleges was in his possession during his arrest by Deputy J. Pettit. Plaintiff alleges that at the time of his arrest he was in possession of a number of antique coins. Pettit placed the coins on the hood of an SUV while Plaintiff was placed under arrest, and Pettit advised Plaintiff that the coins would go to the jail. Pettit told Plaintiff that he would personally ensure that the coins were secured in personal property storage and not placed in Plaintiff's inmate account. Deputy L. Smith also advised Plaintiff that the coins were placed into personal property storage. ECF No. 1 at 5-6.

On November 13, 2018, Plaintiff attempted to release the coins to a friend but the jail staff told the friend that no property could be released. In December 2018, Plaintiff learned that all but one of the coins were missing.

ECF No. 1 at 5-6. Plaintiff claims that the disappearance of the other coins amounts to "cruel and unusual punishment", and that Defendants are liable for compensatory and punitive damages due to "liability and lack of control". *Id.* at 6.

## Standard of Review

Since Plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as the Rule. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual

allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.))

## Discussion

"It is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation."  *Edler v. Gielow,* 2010 WL 3958014, at *3 (N.D. Fla. 2010) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1984), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986); *Rodriguez-Mora v. Baker*, 792 F. 2d 1524, 1527 (11th Cir. 1986). Remedies exist in the Alachua County Jail's inmate grievance procedures to redress misplaced or mishandled property and in Florida's state law tort remedy (Fla. Stat. § 768.28).  Accordingly, Plaintiff cannot maintain a federal constitutional § 1983 claim based on the alleged deprivation of his

personal property.  Although Plaintiff refers to the eighth amendment in connection with his claim, even liberally construed there are no allegations suggesting that the deprivation of the personal property identified in the Complaint amounts to cruel or unusual punishment such that the eighth amendment is implicated in any way.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  See Fed.R.Civ.P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  The Court concludes that amendment of the Complaint would be futile because there are no facts alleged that would support a section 1983 claim.

## Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  The dismissal of this case will count as a strike for

purposes of 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 20th day of June 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.